UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 08-69445 |
| LITTLE ROCK BAPTIST CHARITY CARE CENTER, INC., | Chapter 11 |
| | Judge Thomas J. Tucker |
| Debtor. / | |
| TALMER BANK & TRUST, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 13-5312 |
| LITTLE ROCK BAPTIST CHARITY CARE CENTER, INC., et al., | |
| Defendants. / | |

**OPINION REGARDING DEBTOR'S MOTION TO DISMISS COUNT II
OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

This adversary proceeding came before the Court for a hearing on March 12, 2014, on Debtor's motion to dismiss Count II of Plaintiff's First Amended Complaint, for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), made applicable to adversary proceedings by Fed.R.Bankr. P. 7012(b) (Docket # 6, the "Motion").[1] For the reasons stated by the Court on the record during the March 12, 2014 hearing, and in the Court's Order filed on March 12, 2014 (Docket # 33, the "March 12, 2014 Order"), and based on the terms of the March 12, 2014 Order, and based on Plaintiff's Notice and Supplemental Brief filed on March 26, 2014 (Docket ## 35, 36), the Court concludes that Debtor's motion to dismiss must be granted, and that Count II of Plaintiff's First Amended Complaint must be dismissed with prejudice.

First, such relief is required by the terms of the Court's March 12, 2014 Order. This is because Plaintiff's March 26, 2014 Notice and Supplemental Brief clearly indicate, in substance, that "there are ***not*** any funds **in any account that the Bankruptcy Debtor has with Plaintiff (including any account the Bankruptcy Debtor has with Plaintiff by virtue of Plaintiff's status as successor-in-interest to People's State Bank)**, that Plaintiff contends are subject to

---

[1] Plaintiff's First Amended Complaint is at Docket # 1 at pdf. pp. 18-23.

offset, or in which Plaintiff contends it has a lien, under the terms of the confirmed Chapter 11 plan and/or the order confirming plan referred to in the Motion." (*See* March 12, 2014 Order at ¶¶ 1, 3)(emphasis added). Rather, Plaintiff's March 26, 2014 filings acknowledge that the Debtor no longer has an account *with Plaintiff* that contains any funds.

Second, to the extent Plaintiff's March 26, 2014 filings contend that Plaintiff has a lien in anything *other than* an account that the Debtor has with Plaintiff, such as a deposit account Debtor may have with another bank, and that this is a reason not to dismiss Plaintiff's Count II against the Debtor, the Court must reject such argument. The Court rejects such argument because (1) such argument is untimely, since it was made for the first time on March 26, 2014, after the Court ruled as it did during the March 12, 2014 hearing and in the March 12, 2014 Order; (2) such argument is inconsistent with the Court's ruling contained in the March 12, 2014 Order; (3) such argument is inconsistent with the position taken, and admissions made, by Plaintiff's counsel during the March 12, 2014 hearing;[2] (4) to the extent such argument is in substance a request for reconsideration of the Court's March 12, 2014 ruling and Order, it is without merit because Plaintiff waived the argument by not making it until after the Court had ruled on the matter;[3] (5) such argument is without merit in any event.

As to point number (5) above, the Court agrees with Debtor's argument,[4] that neither the

---

[2] During the March 12, 2014 hearing, Plaintiff's counsel agreed that (1) the only right or claim that Plaintiff has against the Debtor, if any, is a right of offset against any funds that Debtor then had on deposit with Plaintiff; and that (2) if there were no longer any funds in such an account, "we are wasting the Court's time."

[3] *See, e.g.*, *Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd*), 486 F.3d 940, 947 (6th Cir. 2007)(citing with approval, and applying, *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) for the proposition that "objections raised for the first time in a reconsideration motion are deemed to have been waived"); *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012)(citations omitted)("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal.").

The Sixth Circuit noted in the *Evanston Ins. Co.* case that this waiver rule can be overlooked "'in exceptional cases. . . or when the rule would produce a plain miscarriage of justice.'" *See id.* (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008)); *see also Wiley*, 20 F.3d at 226 (citations omitted)("[W]e will review such objections [*i.e.*, objections, to a party's materials submitted in support of a summary judgment motion, that were made for the first time in a motion for reconsideration] only to avoid a gross miscarriage of justice.").

The Court concludes that in this case the normal waiver rule should be applied, because doing so does not produce a "plain" or "gross" miscarriage of justice; nor is this an "exceptional case" for overlooking the normal waiver rule.

[4] *See* "Debtor's Objection and Response to Plaintiff's Notice and Supplemental Brief," filed March 28, 2014 (Docket # 37) at 5-6.

2

Order Confirming Plan nor the cash collateral order, entered in Debtor's Chapter 11 case, gave Plaintiff or its predecessor-in-interest Peoples State Bank, a lien in any assets of the Debtor other than the assets on which Peoples State Bank had a lien on the bankruptcy petition date — namely, the right of offset against any accounts that the Debtor had with Peoples State Bank. That is the clear meaning of the language Plaintiff relies on, as used in the Order Confirming Plan — that the Peoples State Bank lien in Debtor's post-petition assets was "**to the same extent**, validity and priority that existed on the Petition Date." (Emphasis added).

      For these reasons, the Court will now enter a separate order granting Debtor's motion to dismiss, and dismissing Count II of Plaintiff's First Amended Complaint, with prejudice.

**Signed on April 1, 2014**　　　　　　　　　　　　　　　**/s/ Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**